Clear Form

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**_____DIVISION**

Sherry Kyee Holmes

  Plaintiff(s),

v.

Washington University in
St.Louis

Defendant(s).  (Enter above the full name(s)
of all defendants in this lawsuit. Please
attach additional sheets if necessary.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
   (to be assigned by Clerk of District Court)

JURY TRIAL DEMANDED

YES  X    NO☐

## EMPLOYMENT DISCRIMINATION COMPLAINT

    1.     This employment discrimination lawsuit is based on (check only those that apply):

**X**  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for
    employment discrimination on the basis of race, color, religion, gender, or national origin.
    **NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain
    a right-to-sue letter from the Equal Employment Opportunity Commission.*

___  Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for
    employment discrimination on the basis of age (age 40 or older).
    **NOTE**: *In order to bring suit in federal district court under the Age Discrimination in
    Employment Act, you must first file charges with the Equal Employment Opportunity
    Commission.*

___  Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*,
    for  employment discrimination on the basis of disability.
    **NOTE**: *In order to bring suit in federal district court under the Americans with
    Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment
    Opportunity Commission.*

___ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency.*

_____ Other (Describe)

## PARTIES

2.   Plaintiff's name: _____ Sherry Kyee Holmes _____

    Plaintiff's address: _____ 7021 Berthold Ave _____
                            Street address or P.O. Box

                              Saint Louis, MO 63117
                            City/ County/ State/Zip Code

                              314-226-0854
                            Area code and telephone number

3.   Defendant's name: _____ Washington University in St. Louis _____

    Defendant's address: _____ One Brookings Drive _____
                              Street address or P.O. Box

                              Saint Louis, MO 63130
                            City/County/State/ Zip Code

                              314-935-5000
                              Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

4.      If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

_____
(Street Address)               (City/County)               (State)    (Zip Code)

5.      When did the discrimination occur?  Please give the date or time period:

The discriminatory conduct occurred from at least 2022 through Plaintiff's termination on July 22, 2025, including compensation decisions, position classification decisions, performance evaluations, disciplinary actions, restrictions on communications, and termination.

## ADMINISTRATIVE PROCEDURES

6.      Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

☐ Yes      Date filed: _____

☒ No

7.      Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

☒ Yes      Date filed: _____6/20/2025_____

☐ No

8.      Have you received a Notice of Right-to-Sue Letter?

☒ Yes                          ☐ No

If yes, please attach a copy of the letter to this complaint.

9.      If you are claiming age discrimination, check one of the following:

_____60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

3

## NATURE OF THE CASE

10.     The conduct complained of in this lawsuit involves (check only those that apply):

_____   failure to hire me

__X__   termination of my employment

_____   failure to promote me

_____   failure to accommodate my disability

__X__   terms and conditions of my employment differ from those of similar employees

__X__   retaliation

_____   harassment

_____   other conduct (specify):

Did you complain about this same conduct in your charge of discrimination?

|X|  Yes                          |  |  No

4

11.   I believe that I was discriminated against because of my (check all that apply):

__X__   race

_____   religion

_____   national origin

__X__   color

__X__   gender

_____   disability

_____   age (birth year is: _____)

_____   other:

Did you state the same reason(s) in your charge of discrimination?

[X] Yes                    [ ] No

12.   State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

1.   Plaintiff Sherry Holmes was employed by Washington University in St. Louis from January 2001 until July 22, 2025. From December 2020 until her termination, Plaintiff served as Director of Tech Den and Student Technology Services ("STS").

2.   Plaintiff is an African-American female.

3.   Throughout her employment, Plaintiff raised concerns regarding pay equity, including concerns regarding compensation and position classifications affecting herself and members of her team.

4.   In 2022, David Leisure, a White male, was promoted from Assistant Director to Director. He was reclassified from grade 16 to grade 17 and received a corresponding salary increase.

5.   At that time, Plaintiff held a Director position classified at grade 16. Plaintiff raised concerns regarding her classification and compensation, but her position remained at grade 16.

6.   In July 2024, Washington University reclassified Plaintiff's position from grade 16 to grade 17. Plaintiff was not informed of the reclassification at that time and learned of the change in September 2024 through a conversation with David Leisure.

7.   Following the reclassification, Plaintiff did not receive a salary adjustment associated with the grade change beyond a routine merit increase and did not receive retroactive compensation.

8. Beginning in June 2024, Boyd Pickup, a White male, and Plaintiff held director-level positions within Washington University Information Technology. Plaintiff's salary remained lower than Mr. Pickup's salary.

9. Plaintiff continued to document and raise concerns about gender and pay equity.

10. On February 7, 2025, following the resignation of Plaintiff's supervisor, Rick Herman, Plaintiff began reporting directly to Amy Walter, Associate Vice Chancellor for Research, Clinical, and Medical Education Technologies.

11.

12. Effective February 19, 2025, Plaintiff was instructed to obtain Amy Walter's approval before communicating with executive leadership and before sending certain communications to staff.

13. On March 25, 2025, after approximately six weeks under Amy Walter's supervision, Plaintiff received an annual performance evaluation rating of "below expectations." During that review, Plaintiff was told that position-grading issues she had raised were her responsibility and that she was not sufficiently "polished or sophisticated" for consideration for the Executive Director position.

14. On June 19, 2025, Plaintiff received a final written warning alleging insubordination arising from a June 7, 2025 conversation regarding operational space needs.

15. On June 20, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

16. On July 18, 2025, during a staff meeting, Plaintiff raised concerns regarding budgetary risks affecting her department and staff. Following the meeting, Amy Walter and Kendall Dolan informed Plaintiff that there were no budget problems affecting her department or staff.

17. 17. On July 22, 2025, Washington University terminated Plaintiff's employment. Plaintiff was notified of her termination by voicemail.

18. 18. After Plaintiff's termination, layoffs affecting members of her former team began in March 2026.

19. 19. Washington University subsequently announced that the Tech Den department would close effective June 30, 2026.


(Continue to page 6, if additional space is needed.)

6

20.     Prior to her termination, Plaintiff had raised concerns regarding the potential impact of budgetary and organizational changes on her department and staff.

21.     The EEOC subsequently issued a Dismissal and Notice of Rights. Plaintiff has filed this action within the time permitted by that notice.

22.     Plaintiff alleges that Washington University paid her less than similarly situated White male employees despite her qualifications, experience, tenure, and job responsibilities.

23.     Plaintiff further alleges that Washington University subjected her to different terms and conditions of employment, including restrictions on communications, disciplinary action, performance evaluations, and termination, because of her race, color, and sex.

24.     Plaintiff further alleges that Washington University retaliated against her after she raised concerns regarding pay equity, compensation, position classifications, budgetary issues, and other workplace concerns, and after she filed a Charge of Discrimination with the EEOC.

(Attach additional sheets as necessary).

13.     The acts set forth in paragraph 12 of this complaint:

☐   are still being committed by the defendant.

☐   are no longer being committed by the defendant.

[X]   may still be being committed by the defendant.

## **REQUEST FOR RELIEF**

State briefly and exactly what you want the Court to do for you.  Make no legal arguments;

cite no cases or statutes.

Plaintiff requests that the Court award compensation for lost wages, lost employment

benefits, lost retirement contributions and future retirement growth, lost tuition benefits, and

other financial losses resulting from my termination and the actions described in this Complaint.

I also request compensation for emotional distress, mental anguish, and professional harm.

Additionally, I request reimbursement of court costs and any other relief the Court deems fair

and appropriate.

14.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22\_\_\_\_ day of June\_\_\_\_ 2026_____ ._____ _____

Signature of Plaintiff    Sherry K. Holmes_____